[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12878

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHIRAAZ SOOKRALLI,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cr-60188-RS-1

_____

_____

No. 21-12924

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHIRAAZ SOOKRALLI,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cr-60188-RS-1

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Shiraaz Sookralli appeals from the district court's denial of his motion for compassionate release

and from the restitution ordered as part of his sentence for conspiracy to commit wire fraud. After review,[1] we affirm in part and dismiss in part.

## I. COMPASSIONATE RELEASE

Sookralli asserts the record does not allow for meaningful appellate review of the district court's order denying his motion for compassionate release and does not reflect that the district court considered the 18 U.S.C. § 3553(a) factors. Sookralli asserts the district court abused its discretion in denying his motion for compassionate release because his health conditions and COVID-19 combined to create an extraordinary and compelling reason, and asserts we wrongly decided in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), that motions for compassionate release brought by prisoners must raise an extraordinary and compelling reason stated in U.S.S.G. § 1B1.13.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c). 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). As

---

[1] We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).

amended by § 603(b) of the First Step Act, that section now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided the court determines the defendant is not a danger to the safety of any other person or to the community. *See id.*, comment. (n.1). As relevant here, the commentary lists a prisoner's medical condition as a possible extraordinary and compelling reason warranting a sentence reduction if he: (1) has a terminal disease; or (2) is suffering from a serious physical or mental condition that substantially diminishes his

ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). The commentary also contains a catch-all provision for "other reasons," which provides a prisoner may be eligible for a sentence reduction if the Director of the BOP determines there is an extraordinary and compelling reason. *Id.*, comment. (n.1(D)).

The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262. Accordingly, district courts are precluded "from finding extraordinary and compelling reasons within the catch-all provision beyond those specified" in § 1B1.13. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). We held "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release when the prisoner's medical conditions did not meet the criteria of § 1B1.13, comment. (n.1(A)). *Id.* at 1346.

As an initial matter, the district court's order denying Sookralli's motion for compassionate release allows for meaningful appellate review because it makes the reason for denial sufficiently apparent. *See United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017) (explaining for this court to meaningfully review a district court's order, the order must make the reasons for the district court's decision sufficiently apparent). The district court's order, while brief, makes clear the reason it denied relief was that

Sookralli's proposed reason for his release—his medical conditions combined with the fear of catching COVID-19 again—was not an extraordinary and compelling reason.

Relatedly, the district court was not required to consider the § 3553(a) factors because the determination that Sookralli failed to present an extraordinary and compelling reason for his release was sufficient to deny him relief.  To grant a reduction under 18 U.S.C. § 3582(c)(1)(A), district courts must find three necessary conditions are satisfied, which are: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement," and the absence of any one forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).  District courts do not need to address these three conditions in any particular sequence, and if "one of the compassionate-release conditions was not satisfied, it cannot . . . have been error for the district court to skip assessment of another condition." *Id.*

The district court did not abuse its discretion in denying Sookralli's motion for compassionate release because he did not show his conditions impair his ability to care for himself while in prison.  *See* U.S.S.G. § 1B1.13 comment. (n.1(A)); *Bryant*, 996 F.3d at 1249-50; *Giron*, 15 F.4th at 1346-47.  Sookralli's argument that his hypertension and weight create an extraordinary and compelling reason for his release because they increase the likelihood he will experience severe COVID-19 symptoms is too speculative to warrant a reduction of his sentence.  Section 1B1.13 offers relief to inmates who *are suffering* from a physical or mental condition that

diminishes their ability to provide self-care in prison, but Sookralli sought relief based only on speculation that he will contract COVID-19 again and, if he does, that he *will suffer* severe symptoms. *See* U.S.S.G. § 1B1.13 comment. (n.1(A)). Further, while Sookralli asserted his previous case of COVID-19 was life-threatening, the medical records suggest he had an asymptomatic case. Accordingly, Sookralli has not shown he is eligible for relief because he has not shown he is currently suffering (or was suffering when he filed his § 3582 motion) from a condition that limits his ability to care for himself while in prison. *See* U.S.S.G. § 1B1.13; *Bryant*, 996 F.3d at 1262.

Moreover, this Court is bound by its precedent in *Bryant*.[2] *See United States v. Cruickshank*, 837 F.3d 1182, 1187 (11th Cir. 2016) (stating, under the prior precedent rule, we are bound by our binding precedent "unless and until it is overruled by us sitting en banc or by the Supreme Court"). There is no precedent of this Court sitting en banc or the Supreme Court that overruled this Court's holding that district courts cannot reduce a sentence unless the prisoner's extraordinary and compelling reason is listed in

---

[2] We do not consider Sookralli's argument that our holding in *Bryant* resulted in an unconstitutional delegation of legislative authority because *Bryant* is binding precedent even if it was wrongly decided or overlooked the delegation issue. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (rejecting an exception to the prior panel precedent rule based on a potential defect in the prior panel's reasoning, such as an "overlooked reason" for deciding the earlier case differently).

§ 1B1.13. Thus, the district court did not abuse its discretion in denying Sookralli's motion for compassionate release, and we affirm.

## II.  RESTITUTION

Sookralli also challenges the restitution order, without addressing the appeal waiver in his plea agreement, claiming the amount of restitution should be reduced because the Government did not offer specific proof the entire amount represented the actual loss he caused.

The record reflects that Sookralli knowingly and voluntarily waived his right to appeal from the restitution order as part of his plea agreement with the Government, and none of the appeal waiver's exceptions apply. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (stating a sentence appeal waiver will be enforced if it was made knowingly and voluntarily). To establish the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* During the plea colloquy, the district court read the appeal waiver provision to Sookralli, and Sookralli stated he agreed to the waiver. *See Bushert*, 997 F.2d at 1350-51. Sookralli confirmed he had read the plea agreement, which unambiguously listed the limited circumstances under which he could appeal his sentence, and he signed the final page of the agreement. *See  United States v. Boyd*, 975 F.3d 1185, 1192

21-12878                 Opinion of the Court                 9

(11th Cir. 2020) (noting the defendant's initialing and signing the plea agreement, which stated that he had read the agreement, discussed it with his counsel, and understood the agreement's terms, made it manifestly clear that he had knowingly and voluntarily made the waiver).  Accordingly, we dismiss Sookralli's challenge to the restitution order.

     **AFFIRMED** in part, **DISMISSED** in part.